```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

MARK GAMBOA,                   )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  11 C 1144
                               )
BEECHTREE PARTNERS, LLC,       )
et al.,                        )
                               )
          Defendants.          )

                         MEMORANDUM ORDER

During this morning's motion call this Court focused its remarks on the motion by GlobalNet Partners, Inc. ("GlobalNet") for permissive joinder under Fed. R. Civ. P. ("Rule") 20(a)--it pointed out to the associate of the motion's author Richard Craig, Esq.[1] that the attempted invocation of that Rule was ill-considered.  Because GlobalNet is a stranger to the litigation, seeking to inject itself to assert a claim against plaintiff Mark Gamboa ("Gamboa"), the only potentially appropriate procedural vehicle would instead be a motion under Rule 24, which deals with Intervention.  And because intervention really did not fit the situation in any event, this Court denied GlobalNet's motion orally.

Because the discussion during the motion call had centered only on the GlobalNet motion, this Court has since noted that it

---

[1] Attorney Craig could not attend the in-court hearing on the motion, so that his associate was in court to represent the movant.

did not address the motion noticed up by existing defendants BeechTree Partners, LLC and Brad Newpoff ("Newpoff"), seeking leave to file (1) their Answer to part of Gamboa's Complaint and (2) a motion to dismiss Complaint Count III. Because the first aspect of that motion simply involved a brief delay, occasioned in part by the contemporaneous preparation of GlobalNet's motion (attorney Craig represents the two existing defendants as well as GlobalNet), the defense motion for leave to file the Answer is of course granted.

That said, however, the motion to dismiss Count III calls for more extended analysis. That count is advanced against individual defendant Newpoff and sounds in fraud--more particularly, what is universally referred to as "promissory fraud." And on that score Newpoff points to Count III ¶¶21 through 23, which indeed charge Newpoff with having made false representations as to his intent regarding future conduct.

In that respect defendants' Mem. 2 correctly describes, as the "general rule under Illinois law,...that promises to perform future conduct cannot form the basis of a fraud claim unless the promise is part of a 'scheme' to defraud." On that score anyone familiar with that area of law recognizes that the stated exception--the "unless" proposition--can have a tendency to swallow up the general rule.

In this case, with reasonable inferences drawn in Gamboa's

favor (as is required for any Rule 12(b)(6) motion), Count III can fairly be read as setting out a scheme to defraud, with Newpoff's allegedly false representations occupying the heart of that scheme.  Accordingly the motion to dismiss Count III is denied, and defendants are ordered to answer that count on or before June 8, 2011.[2]

                                               _____
                                               Milton I. Shadur
                                               Senior United States District Judge

Date:  May 24, 2011

---

    [2] During the course of the motion hearing, Gamboa's counsel expressed an inclination to file an Amended Complaint that might add GlobalNet as a codefendant.  That being so, counsel for all the parties are urged to confer as to whether the just-ordered timetable should be deferred because of the possibility that the contemplated repleading might also include a revision of Count III.